## Elfreth's Estate.

*Vendor and vendee—Delay in conveyance—Specific performance—Interest —Costs.*

1. Where an executory agreement for the sale of real estate provides that the purchase money shall be paid upon the delivery of the deed to the vendee, and the heirs of the vendor resist an application to the Orphans' Court by the vendee for specific performance, interest does not run against the vendee until the deed is delivered; the obligation to transfer title and the obligation to pay the purchase money are dependent. That the vendee has been in possession under a lease from decedent is immaterial.

2. In such case, the costs of the petition for specific performance will be imposed upon the heirs of the vendor.

Exceptions to master's report. O. C. Phila. Co., April T., 1923, No. 1351.

*H. E. Potter,* for Robert M. Elfreth and Frederick H. Starling, Jr.

*Frank A. Moorshead,* for Gustavus A. Elfreth.

*Charles B. Harding,* for Alice D. Elfreth.

VAN DUSEN, J., June 26, 1925.—The surviving trustee under the will of the decedent, having power of sale of real estate, agreed in writing to sell a certain parcel thereof. Before the time fixed for settlement by the agreement the trustee died. The trustee was also life-tenant and the trust came to an end at her death. No succeeding trustee had been appointed and none was necessary except for the purpose of carrying out the agreement of sale. The purchaser made efforts to obtain a conveyance from the heirs, and the master has found that she was not guilty of laches in what she did in that regard. Some of the heirs refused to carry out the agreement, and, finally, these persons commenced a proceeding in partition which included this piece of real estate. The purchaser thereupon intervened in the partition proceeding in

this court, and asked for a decree of specific performance of the agreement to sell the real estate, making the heirs respondents. The master to whom the matter was referred has filed a thorough and painstaking report, recommending a decree for the petitioner. His conclusions have been substantially acquiesced in, and by agreement of the parties a decree was entered granting the prayer of the petition for specific performance, reserving only the following questions for the determination of the court:

1. Should the purchaser be charged with interest on the purchase money from the date fixed for settlement by the agreement of sale? Interest will run from the time the purchase money became due. This agreement of sale provides: "Time of payment of balance: upon the delivery to the said party of the second part of a full and satisfactory deed of conveyance." The obligation to deliver title and the obligation to pay purchase money are dependent, and when the time fixed for mutual performance is deferred, either by consent or otherwise, the obligation to pay money does not arise until the vendor is ready to make title. This is illustrated by Howell's Estate, 224 Pa. 415, where it was expressly provided in the agreement that the money should be payable when a clear title could be given, but that the purchaser should go into possession immediately. He went into possession, and there was a delay of some months in clearing up the title. It was held, nevertheless, that interest did not begin to run until good title could be delivered.

In the present case the purchaser was already in possession and paying rent under a lease, and continued in possession in that capacity and not as vendee. The master has found that she is entitled to have her contract enforced and that she is not in default. If so, interest does not run against her until the vendor, or those in succession to the vendor, tender performance. Instead of doing this, they resisted performance.

2. Should the moderate costs of the proceeding be paid by those of the parties in interest who resisted the petition for specific performance? This question readily answers itself in the affirmative.

The exceptions are dismissed; the report of the master is confirmed, and it is ordered and decreed that Alice D. Elfreth pay no interest on the purchase money until tender of a deed, and that the respondents, Gustavus A. Elfreth, Frederick H. Starling, Jr., and Robert M. Elfreth, pay the costs of the proceedings for specific performance.